IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:CR-95-0233 |
| v. : | |
| : | (Judge McClure) |
| PAUL J. MANGIARDI, : | |
| Defendant. : | |

**O R D E R**

May 9, 2006

**BACKGROUND:**

On June 18, 1998, defendant Paul Mangiardi was convicted in this court of numerous counts of mail fraud and one count of conspiracy. Mangiardi is currently serving a sentence of 150 months (to be followed by a three-year period of supervised release). The United States Court of Appeals for the Third Circuit affirmed the judgment of conviction and sentence, and the Supreme Court of the United States denied Mangiardi's petition for a writ of certiorari.

On or about May 3, 2002, this court denied Mangiardi's motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. On May 20, 2003, this court received the Third Circuit's order denying Mangiardi's request for a certificate of appealability. On April 26, 2005, we dismissed a Rule 60(b) motion

filed on February 18, 2005, for lack of subject matter jurisdiction, and closed his case docketed to case number 05-CV-00389.  Next, on December 5, 2005, Mangiardi filed a petition for a writ of habeas corpus.  We construed that petition as a claim for relief under the All Writs Act and immediately denied the petition on December 8, 2005.  At that time we informed Mangiardi that he could file an application with the Third Circuit seeking authorization to file a second or successive motion for relief under § 2255.  That order was docketed to case number 05-CV-02508.  On April 18, 2006, we received the Third Circuit's order denying Mangiardi's application to file a second or successive motion under 28 U.S.C. §§ 2244, 2255.

Now before the court is Mangiardi's document captioned "Fraud on the Court Motion 60(b)(6)" filed on or about May 5, 2006.  Mangiardi's document appears to be a motion and supporting brief seeking relief under Federal Rule of Civil Procedure 60(b)(6).  For the following reasons we will dismiss Mangiardi's motion for lack of subject matter jurisdiction.

**DISCUSSION:**

**I. Application of Rule 60(b) to Mangiardi's Motion Under § 2255**

A Rule 60(b) motion can be adjudicated on the merits when the factual predicate of the motion attacks the manner in which an earlier habeas judgment was

2

procured, and not the underlying conviction.  See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), cert. denied, 543 U.S. 1155 (2005).  Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a list of enumerated reasons.  Subsection (6), which Mangiardi relies on, provides the catchall "any other reason justifying relief from the operation of the judgment."  Mangiardi's motion is difficult to comprehend but argues that a fraud was perpetrated on the court by the sealing of a state judge's order relating to Mangiardi and that this fraud both helped the prosecution and distorted the Presentence Investigation (PSI) report.  Mangiardi also asserts that this fraud "restricted Petitioner from successfully attacking any collateral attack he may have had, such as victim of an institution, and statute of limitations."  (Rec. Doc. No. 693, at 3.)

    The instant motion is filed nearly four years after our May 3, 2002 order denying his motion under section 2255.  Rule 60(b) requires that all motions be filed within a reasonable time under subsection(6).  Mangiardi has not filed his Rule 60(b)(6) motion in a reasonable time from the issuance of our May 3, 2002 order.

    Furthermore, Mangiardi's motion is a thinly-veiled attempt to make an end-run around the requirements of AEDPA.  Although he states that the fraud "restricted" him from making a collateral attack it is clear that his claim that the

"fraudulently concealed" state judge's order "forbid any and all action or equity at law" and that the fraud distorted the PSI are attacks on his underlying conviction and sentence. How a district court may address a Rule 60(b) motion varies according to what the petitioner challenges in his motion. The Third Circuit's recent holding in Pridgen v. Shannon explained the matters a district court could consider in an unsuccessful habeas petitioner's Rule 60(b) motion as follows:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

In closing, the Third Circuit in Pridgen counseled that "when a Rule 60(b) motion is in conflict with provisions of AEDPA or is a direct attack on a state conviction, it constitutes the equivalent of a successive habeas corpus petition and should be dismissed." Id. at 729; see also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12 (stating that the Federal Rules of Civil Procedure may be applied to a § 2255 proceeding to the extent they

4

are not inconsistent with statutory provisions or rules governing section 2255).

Mangiardi's Rule 60(b) motion is in conflict with the provisions of AEDPA and is the equivalent of a successive motion under § 2255. Mangiardi filed his Rule 60(b) motion after the Third Circuit had already denied him a certificate of appealability, which was necessary for him to appeal our dismissal of his motion under 28 U.S.C. § 2253(c), and after the Third Circuit had denied his application for a second or successive motion under § 2255. The proper forum for Mangiardi's claim is under § 2255. See, e.g., United States v. Enigwe, 142 F. App'x 642, 643 (3d Cir. 2005) (per curiam). Since Mangiardi has already filed a motion under § 2255, he must first obtain authorization from the United States Court of Appeals before we could entertain his claim. 28 U.S.C. § 2244.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Mangiardi's Rule 60(b)(6) motion is dismissed for subject matter jurisdiction as it is both untimely and in conflict with the provisions of AEDPA. (Rec. Doc. No. 693.)

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
